IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WENJIA ZHAI, Individually;<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL NEBRASKA ORTHOPEDICS & SPORTS MEDICINE, P.C., a domestic professional corporation; et. al;<br><br>Defendants. | 4:16CV3049<br><br>**MEMORANDUM AND ORDER** |

Pending before the court is Defendants' motion to exclude the expert opinions of Plaintiff's retained expert, Daniel L. Menkes, M.D. as untimely, an improper rebuttal expert, and as offering opinions which do not supplement Plaintiff's prior expert disclosures. ([Filing No. 123](#)). For the reasons stated below, the motion will be granted.

FACTUAL BACKGROUND

Plaintiff filed a medical malpractice action alleging Defendants provided negligent care and treatment for injuries Plaintiff sustained in a vehicular accident. Specifically, Zhai alleges Defendants failed to timely recognize and treat his compartment syndrome, resulting in nerve and muscle injuries. ([Filing No. 3](#)). Defendants dispute Plaintiff's causation allegations and the extent of Plaintiff's injuries.

On November 18, 2016, the court entered a case progression order setting an April 17, 2017 deadline for serving Zhai's expert disclosures. ([Filing No. 61](#)). In addition to Plaintiff's treating physicians, six of whom were neurologists, Plaintiff timely disclosed reports from six retained experts, including a general surgeon (A.L. Jackson Slappy, M.D.), a pulmonologist (Thomas DeMarini, M.D.), an orthopedic surgeon (Jonathan J. Paley, M.D.), a professional counselor and mental health practitioner (Michael

Newman), a life care planner (Shelly Kinney), and an economist (David Rosenbaum, Ph.D.). (Filing Nos. 77-79). Plaintiff did not disclose a neurologist as a retained expert. Thereafter, Defendants timely disclosed responsive experts.

After depositions we're taken of Plaintiff's experts, Plaintiff asked for leave to disclose an expert who would discuss Plaintiff's EMG testing results and how those results may impact the core issue of medical causation presented in this case. Defendants objected, arguing any such disclosure would be untimely—that neurological interpretation of EMG testing was a necessary part of Plaintiff's case-in-chief from the outset and disclosing an expert on that topic only after Defendants' disclosures were served was untimely. See [Sherman v. Winco Fireworks, Inc.](), 532 F.3d 709, 716-17 (8th Cir. 2008); [Marmo v. Tyson Fresh Meats, Inc.](), 457 F.3d 748, 759 (8th Cir. 2006). Plaintiff responded that his proposed additional expert disclosure would rebut Defendants' experts and/or provide supplemental opinions.

After listening to the parties' arguments, the court concluded it could not decide the dispute without full motion practice, including knowing what Plaintiff's additional expert intended to say. Rather than delay the case for that step, on September 12, 2017, the court granted Plaintiff leave to disclose an additional expert "focused on EMG testing." ([Filing No. 111]()). However, the court explicitly stated (and cautioned) that any such disclosure was open to challenge if it neither rebutted Defendants' experts nor properly supplemented Plaintiff's prior expert disclosures in accordance with the federal rules. ([Id]()).

On October 27, 2017, Plaintiff disclosed Daniel L. Menkes, MD, a neurologist, as an additional retained expert. ([Filing No. 117]()). Defendants argue Dr. Menkes' proposed opinions are not "focused on EMG testing"—the sole area of additional expert disclosures permitted under the court's order. In addition, they argue Dr. Menkes' opinions are neither rebuttal nor supplemental opinions within the meaning of the federal rules. Defendants move to exclude Dr. Menkes as an expert. ([Filing No.123]()).

The matter is now fully submitted. Upon review of the parties' arguments and evidence, the court finds Defendants' motion should be granted.

ANALYSIS

I. Exceeding the Scope of the Court's Order.

The court granted Plaintiff leave to disclose an additional expert or expert opinions "focused on EMG testing." ([Filing No. 111](#)). Instead of remaining within the confines of this order, Plaintiff retained an additional expert to "determine the most likely cause of Zhai's resultant nerve and muscle injuries." ([Filing No. 117](#)). Menkes' report provides extensive opinions on causation which extends far beyond a focus on EMG testing. As stated by Defendants, "Dr. Menkes attempts to provide entirely new opinions to fill the gaps in Zhai's case left by the fact that he did not disclose a retained neurologist within the Court's deadline." ([Filing No. 124 at CM/ECF p. 17](#)). The court will not permit Plaintiff to circumvent the expert witness deadlines within the scheduling order by ignoring the limiting language of its later order granting leave to disclose an additional expert or expert opinions.

II. Rebuttal and Supplemental Opinions

Assuming portions of Dr. Menkes' opinion report is within the confines of my prior order, the court must nonetheless determine whether the opinions focused on EMG testing are either rebuttal or supplemental opinions.

A. Rebuttal Experts.

Rebuttal experts must act to "explain, repel, counteract or disprove" evidence raised by an adverse party. [Marmo, Inc., 457 F.3d at 759](#) (internal citation omitted). Under [Fed. R. Civ. P. 26(a)(2)(D)(ii)](#), rebuttal experts are those who present "evidence that is intended <u>solely</u> to contradict or rebut evidence on the same subject matter

3

identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Thus, proper rebuttal testimony should address only new arguments raised by the adverse party that could not have been anticipated previously. See ADT Sec. Servs., Inc. v. Swenson, 276 F.R.D. 278, 316 (D. Minn. 2011) (citing Eighth Circuit law). Put differently, rebuttal testimony should not be a mere continuation of a party's case-in-chief. Marmo, 457 F.3d at 759.

As disclosed by Plaintiff himself, several of Plaintiff's treating physician experts discussed EMG testing as part of their differential diagnosis and treatment process. (See Filing No. 77). Dr. Menkes' expert report discusses EMG testing, among other issues, developed and discussed by these treating physician experts, specifically referencing Plaintiff's initial expert reports. So even assuming that some of the opinions Dr. Menkes proffers were appropriately "focused on EMG testing," those opinions are not rebuttal expert opinions—they do not address new or novel information introduced by Defendants' experts, or medical causation issues or testing interpretation that Plaintiff could not have reasonably foreseen when the case began.

B. Supplement Opinions.

A party must "supplement or correct" a previous disclosure that is "incomplete or incorrect." Fed. R. Civ. P. 26(e). A proper supplement does not attempt to gap-fill or strengthen a party's case-in-chief. Bowen v. Allied Prop. & Cas. Ins. Co., 2012 WL 3303266, at *4 (D. Neb. Aug. 13, 2012) (internal citation omitted). Allowing a supplemental disclosure simply to enhance or expand on a previous expert disclosure would be "the antithesis of the full expert disclosure requirements stated in Rule 26(a)." Id. (emphasis added).

It does not appear from the record, and Plaintiff does not argue, that any previously disclosed expert needed to correct, clarify or complete his or her previously disclosed opinions. Thus, supplement, as intended by Fed. R. Civ. P. 26(e), is not implicated on the facts presented.

4

C. Substantially Justified Or Harmless.

When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) (holding that exclusion of untimely disclosed expert testimony was "within the bounds of [the court's] discretion"). Exclusion of evidence or testimony is within the court's proper discretion unless "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Here, no facts indicated a substantial justification for the delay in disclosing the Dr. Menkes. Moreover, the error is not harmless when it has the effect of causing delay or disrupting progression. Wegener, 527 F.3d at 692 (8th Cir. 2008) (reasoning that continuance or postponement of trial based on a delay in disclosure of retained-expert can be harmful).

Accordingly,

IS IT ORDERED that Defendants' motion to exclude the testimony of Dr. Daniel L. Menkes, M.D., (Filing No. 123), is granted.

December 22, 2017.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge