IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | |
|---|---|
| WENJIA ZHAI, Individually, | CASE NO. 4:16-CV-3049 |
| Plaintiff, | |
| vs. | ORDER ON |
| CENTRAL NEBRASKA ORTHOPEDICS & SPORTS MEDICINE, P.C. a domestic professional corporation and PHILIP CAHOY, M.D. an individual, | MOTIONS IN LIMINE |
| Defendants. | |

For the reasons stated on the record, (Filing No. 162), the motions in limine filed by Plaintiff, (Filing No. 152), are granted, denied, or stipulated as follows:

**(Court rulings in RED)**

1. To exclude any evidence, information, or opinion testimony which was not contained in the Rule 26(a)(2)(B) reports and to exclude any evidence or opinion testimony which was not timely supplemented pursuant to the Progression Order or the Federal Rules of Discovery. **DENIED**

2. To exclude any expert opinions that the doctors, other than Defendant Dr. Philip Cahoy, could have diagnosed compartment syndrome, and to exclude any expert opinions that some other doctor who is not currently a party, or was a party defendant in the past, violated the standard of care because such opinions are irrelevant pursuant to the Federal Rule of Evidence 401,

1

inadmissible under the Federal Rule of Evidence 402, and misleading to the jury under the Federal Rule of Evidence 403. **DENIED**

3. To exclude any argument, testimony, evidence, or inference that other doctors were sued and were dismissed from the lawsuit as such argument, testimony, evidence, or inferences are irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

4. To exclude any argument, testimony, evidence, or inference that other doctors provided care below the standard of care, and that Plaintiff's expert expressed an opinion that other doctors, such as, Steven Schneider, M.D., provided care below the standard of care as such argument, testimony, evidence, and inferences are irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

5. To exclude any argument, testimony, evidence, or inference that, according other experts not called to testify, other doctors provided care below the standard of care as such argument, testimony, evidence, and inferences are irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

6. To exclude any argument, testimony, evidence, or inference that the Chinese doctors, in their attempts to relieve the connective tissue around Plaintiff's nerves, may have damaged the blood vessels feeding the nerves or the nerves themselves, and thereby contributed to Plaintiff's injury as speculative under the Federal Rule of Evidence 602, and thus misleading to the jury under Federal Rule of Evidence 403. **DENIED**

7. To exclude any argument, testimony, or evidence that the treating doctors saved Plaintiff's life and/or did everything in their power to save his life. The issues for the

jury to decide are whether Dr. Cahoy breached the standard of care in failing to perform testing to rule out the risk of acute compartment syndrome in the extremities when the Plaintiff fit the profile of a trauma patient at risk of acute compartment syndrome in the extremities, and whether Dr. Cahoy's breach caused Plaintiff's damages. Argument, testimony, and evidence relevant to proving breach in standard of care and causation does not extend to self-serving statements by the defense and, as such, are irrelevant pursuant to the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and prejudicial to the Plaintiff and runs the risk of confusing the issues under the Federal Rule of Evidence 403. **DENIED**

8. To exclude any argument, testimony, or evidence that Plaintiff was critically ill and had a high risk of death when he arrived at the hospital. Such argument, testimony, and evidence is irrelevant pursuant to the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and prejudicial to the Plaintiff and runs the risk of confusing the issues under the Federal Rule of Evidence 403. **DENIED**

9. To exclude any argument, testimony, or evidence that there were malpractice claims filed against Dr. Paley or any settlements made on his behalf as such argument, testimony, evidence, or inferences are irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

10. To exclude any argument, testimony, or evidence that Dr. Paley has not served on any peer review committees as such argument, testimony, evidence, or inferences are irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

11. To exclude any evidence or opinion testimony of the cause of the motor vehicle crash as speculative pursuant to the Federal Rule of Evidence 602, because the motor

vehicle crash investigation report prepared by the Nebraska State Patrol did not specify a cause for the crash. **GRANTED**

12. To exclude any evidence or opinion testimony that Plaintiff lost control of the car before the accident, as such evidence and opinion testimony would be pure conjecture on the part of any witness other than the Plaintiff himself, and thus is speculative pursuant to the Federal Rule of Evidence 602. **GRANTED**

13. To exclude any photographs of the crumpled car and accident scene. The medical actions taken or omitted by the physicians were not predicated upon any prior examination of photographs of either the car or the accident scene. The photographs of the crumpled car and the accident scene were never part of the hospital chart accessible by the Defendants. The photographs of the crumpled car and accident scene had no bearing on the decisions as to the medical care provided to Plaintiff nor on the issues of medical causation. Any such photographs would be as irrelevant, under Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402; and, cumulative, unfairly prejudicial to the Plaintiff, and would confuse the issues under Federal Rule of Evidence 403.

    **AGREED**

14. To exclude the results of the neuropsychological findings and opinions drawn by clinical psychologist Christopher S. Rathburn, contained in his consultation of June 2, 2014, at Bryan Hospital, and to exclude the results and the findings and opinions of Robert G. Arias, Ph.D. contained in his August 12, 2014 neuropsychological evaluation. Such findings and opinions are irrelevant, inadmissible, and could potentially confuse the issues pursuant to Federal Rules of Evidence 401, 402, and 403, respectively. Further, Dr. Arias candidly admitted in the first sentence in the Conclusion of his evaluation that "These results revealed data that were affected by language/cultural factors and his motor limitations given the injuries to his bilateral upper extremities," and thus, such findings and opinions should be excluded as unreliable under the Federal Rule of Evidence 702 for lacking reliable application to methodology. **DENIED**

15. To exclude any reference to any expert testimony by A.L. Jackson Slappy, M.D., (41:14-42:20) critical of the ER physician who did not intubate the Plaintiff in the presence of a Glascow Coma Score of 8, and the fact that no harm resulted from the failure of the ER physician to protect the airway as irrelevant pursuant to the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and confuses the issues under the Federal Rule of Evidence 403. **DENIED**

16. To exclude any reference to the fact that Defense counsel made an objection to any discovery testimony during the pretrial phase of this case as irrelevant pursuant to the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. The court will be ruling on the objections in Filing No. 157. The parties agree that the objections themselves will not be referred to in front of the jury.

17. To exclude as speculative any opinion testimony that there was a risk in performing fasciotomies if the condition precedent, i.e., a diagnosis of compartment syndrome, is not admitted as probable or factual because no testifying witness has the requisite personal knowledge to testify to such risk under Federal Rule of Evidence 602. **DENIED**

18. To exclude any opinion testimony or argument by Defendants or Defendants' counsel that there was no evidence from which the jury could determine that performing surgical fasciotomies would have made a difference due to the previously existing trauma from the car accident because Plaintiff need not prove that the fasciotomies would have been successful, only that the fasciotomies, more likely than not, would have prevented the death of the nerves and muscles in the forearms. As such, allowing testimony to the contrary would confuse the issues and mislead the jury under the Federal Rule of Evidence 403. *See Snyder v. Contemporary Obstetrics & Gynecology, P.C.*, 258 Neb. 643, 605 N.W.2d 782 (2000). **DENIED**

19. To exclude any opinion testimony that the encephalomalacia within the body of the corpus callosum is a contributor to the ongoing neurological deficits in the extremities as unreliable application to methodology under the Federal Rule of Evidence 702 and speculative under the Federal Rule of Evidence 602. Further, such testimony runs the risk of confusing the issues of this case under the Federal Rule of Evidence 403. **DENIED**

20. To exclude any opinion testimony that the cavitary foci within the anterior aspects of the globus pallidus bilaterally is a contributor to the ongoing neurological deficits in the extremities as unreliable application to methodology under the Federal Rule of Evidence 702 and speculative under the Federal Rule of Evidence 602. Further, such

testimony runs the risk of confusing the issues of this case under the Federal Rule of Evidence 403. **DENIED**

21. To exclude any opinion testimony that the brain iron accumulation is a contributor to the ongoing neurological deficits in the extremities as unreliable application to methodology under the Federal Rule of Evidence 702 and speculative under the Federal Rule of Evidence 602. Further, such testimony runs the risk of confusing the issues of this case under the Federal Rule of Evidence 403. **DENIED**

22. To exclude any testimony or comments by Defendants' counsel, expert witnesses, etc. that:

    a. Defendant Philip Cahoy M.D., is a "good doctor", or similar testimony or comments. This type of testimony is inadmissible because: (1) it is irrelevant under Federal Rule of Evidence 401; (2) it is inadmissible under the Federal Rule of Evidence 402; and, (3) it constitutes improper character evidence under Federal Rule of Evidence 404(a)(1). If the Court allows the Defendants to introduce character evidence of this nature, Plaintiff requests he be allowed to cross-examine Defendant Philip Cahoy, M.D., and his character witnesses with regard to specific instances of Defendant Philip Cahoy, M.D.'s conduct and character. **DENIED**

    b. Any testimony or comment by Defendants' counsel concerning the effect the verdict would have on the Defendant Philip Cahoy, M.D., or Defendant Central Nebraska Orthopedics & Sports Medicine, P.C., or their standing in the community, as irrelevant under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, andmisleading to the jury and confusing the issues under Federal Rule of Evidence 403. **AGREED**

c. Any testimony or comment by Defendants' counsel regarding the alleged reasons why Philip Cahoy, M.D., decided to become a physician. This type of testimony is inadmissible because it is irrelevant to any issue for the jury to decide in the case under the Federal Rule of Evidence 401 and thus inadmissible under the Federal Rule of Evidence 402. Any such comment or testimony could only be designed to create sympathy for Philip Cahoy, M.D., and attempt to bias the jury against the Plaintiff's case thus qualifying as unduly prejudicial to the Plaintiff and confusing the issues under the Federal Rule of Evidence 403. **DENIED**

d. Any testimony or comment by Defendants' counsel, expert witnesses, etc., that they extend sympathy to Plaintiff for his injuries. Any such comment by Defendants' counsel, expert witnesses, etc., is inadmissible because it is irrelevant to any issue to be decided by the jury in the case. Further, any such comment could only be designed to create sympathy for Philip Cahoy, M.D. by establishing he is compassionate towards the Plaintiff and concerned about the circumstances, thus, such testimony and comments are as unduly prejudicial to the Plaintiff under the Federal Rule of Evidence 403. **DENIED**

e. Any testimony or comment by Defendants' counsel, defendants, expert witnesses, etc. that Defendant Philip Cahoy, M.D., made the 1980 Olympic team and was a member of the University of Nebraska gymnastics team as irrelevant under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

23. To exclude any argument of counsel designed to make the jury reach their verdict in this case based on how such a decision would affect their own lives. Such references

could include using the "Golden Rule" or other arguments concerning how an award in this case could affect the jurors themselves and/or others. Of particular importance in this case would be a suggestion that a verdict in favor of the Plaintiff would limit or impair access to healthcare or raise the cost of healthcare. The jury is required to decide this case based upon the evidence that is admitted by the Court and the law which they are given. Any such argument or comment is irrelevant in proving facts of the case under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and confuses the issues and misleads the jury under the Federal Rule of Evidence 403. **AGREED**

24. To exclude any reference that Defendant Philip Cahoy, M.D., personally will have to pay any judgment entered in this case, irrelevant under the Federal Rule of Evidence 401, and inadmissible under the Federal Rules of Evidence 402 and 411. *See Kresha v. Kresha,* 216 Neb. 377 (Neb. 1984). **AGREED**

25. To exclude any reference from Defendants' counsel or witnesses either directly or inferentially that a jury award is free of state, federal income tax, or any other tax is irrelevant under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402, as explained by *Maricle v. Spiegal*, 213 Neb. 223, 231, 329 N.W. 2d 80, 86 (1983). **AGREED**

26. To exclude any evidence of one witness testifying or alluding to the credibility of any other witness during trial as such evidence as allusion is irrelevant under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and misleading to the jury under the Federal Rule of Evidence 403, since it is the province of the jury to determine the weight of any and all admitted evidence. **DENIED**

27. To exclude any evidence or information that was requested from Defendants in discovery to which Plaintiff has objected for the previously stated grounds. **DENIED**

28. To exclude any use of any deposition including excerpts of deposition testimony without producing or identifying the deposition excerpts which will be used to Plaintiff's counsel in advance of trial. **DENIED**

29. To exclude any attempt to use the Plaintiff's Complaint and/or Amended Complaint in this case as an admission against the interests of the Plaintiff. **DENIED**

30. To preclude counsel from creating evidence <u>during</u> or <u>by</u> argument. Plaintiff requests that Defendants' counsel be limited in their argument to the jury to statements concerning the evidence in this case, the applicable law of Nebraska, and to reasonable inferences drawn from those facts and law. Evidence cannot be created through counsel's argument. To the extent Plaintiff is stating defense counsel's closing argument cannot argue facts that were not received, this rule of courtroom practice applies equally to both sides. Counsel for all parties agree.

31. To exclude any testimony about crystal ball predictions or the mythical retroscope as such testimony is inadmissible pursuant to the Federal Rule of Evidence 602. **DENIED**

32. To exclude any evidence or argument that references jury verdicts in other parts of the United States in civil actions as irrelevant under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and misleading to the jury under the Federal Rule of Evidence 403. **AGREED**

33. To exclude any questions regarding Plaintiff's reasons for seeking legal counsel, or any questions or evidence regarding the time and manner in which legal counsel was sought, or any references to any matters discussed by Plaintiff and his counsel or those

persons employed or retained by counsel as irrelevant under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and potentially prejudicial to the Plaintiff under the Federal Rule of Evidence 403. **AGREED**

34. To exclude *ex parte* statements: That the Defendants' counsel and witnesses not tender, refer to, read from, or exhibit any *ex parte* statements or reports from any witness who is not then and there on the witness stand, under oath, and subject to cross-examination by Plaintiff's counsel as such testimony would be inadmissible hearsay under the Federal Rule of Evidence 802 and speculative under the Federal Rule of Evidence 602. **DENIED**

35. To exclude probable testimony: That the Defendants' counsel or witnesses not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause as such testimony would be inadmissible hearsay under the Federal Rule of Evidence 802. **DENIED**

36. To exclude *ad hominem* additions to the legal standard of care: Under Nebraska law, Defendants were required to use the ordinary and reasonable care, skill, and knowledge ordinarily possessed and used under like circumstances by members of that profession engaged in a similar practice in this or similar localities. Therefore, any reference, argument, or inference that the Defendant health care providers acted in good faith, and intended to do the best they possibly could for the Plaintiff is irrelevant under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. Likewise, any reciprocal reference, argument, or inference that Defendants had no intent to harm the Plaintiff or disregard their medical knowledge while treating the Plaintiff is also irrelevant under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

37. To exclude medical literature, texts, and the like on direct examination which have not been disclosed in discovery or by the parties prior to trial: All parties should be prohibited from using any literature that has not been previously disclosed to other parties pursuant to discovery rules. This prohibition does not include materials to be used during cross examination. **AGREED**

38. To exclude the witnesses listed in discovery but not called: The Defendants should be precluded from commenting in the presence of the jury that certain witnesses were listed in discovery by the Plaintiff, but were not called to testify. Any comments are an invitation to the jury to speculate as to a reason for the absence of the witness. Such comments are thus irrelevant and inadmissible under the Federal Rules of Evidence 401 and 402, and misleading to the jury under the Federal Rule of Evidence 403. **DENIED**

39. Jury nullification arguments: Any argument that a money verdict will not restore Plaintiff's abdominal injury, that big verdicts harm the economy, make it more difficult for doctors to practice medicine, only enrich lawyers, or any other appeal to sympathy and emotion which may indirectly encourage jurors that a verdict in the amount of the harms and losses will not change anything which happened in the past are irrelevant under the Federal Rule of Evidence 401, inadmissible under the Federal Rule of Evidence 402, and unduly prejudicial to the Plaintiff under the Federal Rule of Evidence 403. **AGREED**

40. Any argument or suggestion that the professional corporation healthcare provider is a "good neighbor", "good corporate citizen", or any other *ad hominem* references to an alleged corporate character as inadmissible character evidence under the Federal Rule of Evidence 404(a)(1), irrelevant under the Federal Rule of Evidence 401, and

inadmissible under the Federal Rule of Evidence 402. **AGREED**

41. Any references or statements regarding what type of law either counsel practices, including what type of clients or specific clients counsel currently represents or has represented in the past, the number of jury trials that they have completed, counsel's past experiences, legal or otherwise as irrelevant to the determination of any issue in this case under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. **DENIED**

42. Any examination, cross-examination, other questioning, testimony, reference to, argument or exhibits pertaining to any claim that people who are involved in litigation tend to have more physical complaints or lingering complaints or that they complain about their injuries longer than those not involved in litigation or any suggestion by Defendants' counsel that the injuries suffered by Plaintiff are exaggerated or embellished because Plaintiff is seeking money damages. These matters are irrelevant and immaterial under the Federal Rule of Evidence 401 and inadmissible under the Federal Rule of Evidence 402. Further, it is an improper comment on Plaintiff's exercise of his right to present his case to the jury, is a generality without any indication of similarity with or application to Plaintiff's physical complaints and is an improper comment on Plaintiff's credibility which is prejudicial to the Plaintiff under the Federal Rule of Evidence 403. *See Yingling v. Hartwig,* 925 S.W.2d 952, 955-57 (Mo. App. W.D. 1996) (trial court committed reversible error by permitting Defendant's independent medical examiner to offer such opinions, for all of the reasons stated above). It is of note that there is no evidence to suggest that Plaintiff's injuries are exaggerated or embellished because of litigation. **AGREED**

43. To exclude demonstrative evidence: Defendants' counsel should be precluded from referring to or allowing to use any demonstrative evidence during voir dire or opening statement or otherwise until the demonstrative evidence is admitted into evidence. Counsel shall exchange the demonstrative aids they intend to use during the opening statement and confer in good faith to resolve this issue, recognizing that the jury will best understand this case if the anatomy involved is introduced from the outset of trial.

IT IS ORDERED:

March 23, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge