IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEBRASKA LINCOLN DIVISION

| | | |
|---|---|---|
| WENJIA ZHAI, Individually, | ) | Case No. 4:16-CV-3049 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | ORDER ON |
| | ) | DEFENDANTS' MOTION IN LIMINE |
| CENTRAL NEBRASKA ORTHOPEDICS & | ) | |
| SPORTS MEDICINE, P.C., a domestic professional corporation; PHILIP CAHOY, M.D., an individual; | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

For the reasons stated on the record, (Filing No. 162), the motion in limine filed by Defendants Central Nebraska Orthopedics & Sports Medicine, P.C. and Philip Cahoy, (Filing No. 155), are granted or stipulated as follows:

**(Court rulings in RED)**

1.  Medical malpractice insurance. Evidence of malpractice insurance carried by the Defendants are not relevant and inadmissible to establish liability. *Fed. R. Evid.* 411.

**AGREED**

2.  Hearsay statements from other physicians. Any out-of-court statements by other physicians of the Plaintiff who is not designated to testify in this case as an expert witness would be inadmissible hearsay. *Fed. R. Evid.* 802.

**GRANTED**

3.  Medical articles texts or other literature. Any medical articles, treatises, or medical literature not previously identified and produced by Plaintiff during discovery should not be allowed to be used at trial.

**GRANTED**

4.      Medical articles texts or other literature. Any medical articles, treatises, or medical literature not previously identified and produced by Plaintiff during discovery should not be allowed to be used at trial.

**GRANTED**

5.      Prior lawsuits involving Defendants. Evidence of previous malpractice lawsuits is not relevant and is not admissible. *Jones v. Transii,* 212 Neb. 843, 326 N.W. 2d 1990 (1992). Any mention of the same would be unfairly prejudicial to Defendant. *Fed. R. Evid.* 401 & 403.

**AGREED**

6.      The Nebraska Hospital-Medical Liability Act and its cap on damages. Any reference to the Nebraska Hospital-Medical Liability Act or its cap on damages would not have any relevance to any of the issues in this case and should not be allowed at trial. Any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, pursuant to *Fed. R. Evid.* 401 & 403. *Rheimer v. Surgical Services of the Great Plains,* 258 Neb. 671, and *Hoffert v. Hodge,* 9 Neb. App. 161, 609 N.W.2d 397 (2000).

**AGREED**

7.      Disciplinary Proceedings. Any disciplinary proceedings involving the Defendant Philip Cahoy, M.D. and unrelated parties and unrelated facts would be irrelevant and inadmissible. Any mention of this to the jury would be unfairly prejudicial to the Defendants. *Fed. R. Evid.* 401 & 403.

**AGREED**

8.      Special Damages Not Previously Identified. Any evidence of special damages which have not been previously disclosed by Plaintiff should not be allowed by the Court.

**GRANTED**

9.     References to the Wealth of Physicians. Any references to the wealth, financial status, or similar matters concerning the Defendants would not be relevant to any of the issues in this case and would be unfairly prejudicial to Defendants. *Fed. R. Evid.* 401 & 403.

**AGREED**

10.     Any references by counsel for Plaintiff to the Jury acting as the " conscience of the community" or the "voice of the community" or suggesting a decision for Plaintiff would be for the "betterment of the community" or improve the "safety" of medical care for others.  The issues to be decided by the jury in this case have to do specifically with the treatment provided to Plaintiff Wenjia Zhai by Defendant Philip Cahoy, M.D. Any mention of the jury acting as a "conscience of the community" or for the "bettennent of the co1mnunity" or for the "safety" of people undergoing medical procedures, or the like, would only be intended to inflame and incite the jury and would be unfairly prejudicial to the Defendants. *Fed. R. Evid.* 401 & 403.

**GRANTED**

11.     Punish, Send Message, Etc. Any statements regarding the need to punish the Defendants, send Defendants a message, or similar comments are inadmissible and improper because such would be in-elevant and unduly prejudicial. *Fed. R. Evid.* 401 & 403.

**AGREED**

12.     Medical Opinions from Undisclosed Experts. Any expert testimony or opinions from persons who have not been previously disclosed as an expert witness are inadmissible . *Paulk v. Central Laboratory Associates,* 262 Neb. 838, 636 N.W. 2d 170 (2001).

**GRANTED**

13.     Subsequent Remedial Measures. Any evidence of any changes in any practices of Defendant Philip Cahoy, M.D. regarding the treatment of patients and/or their practices with respect to informed consent *since* the date of the matters in issue in this lawsuit should not be relevant to this case, would be prohibited and would be unfairly prejudicial to Defendants. *Fed. R. Evid.* 403 & 407.

**AGREED**

14.     Comments, statements or questions of witnesses regarding the experts for the Defendants "sticking up for each other," or "testifying for one of their own," or statements to the effect that "no Omaha or Nebraska physician is going to testify against a brother or sister physician in Omaha or Nebraska," or words to this effect. Such statements or questions would merely be statements or comments of counsel without foundation and would be designed to incite prejudice against Defendants or create sympathy for the Plaintiff, and/or attempt to evoke an "us versus them" or "underdog" mentality for the benefit of Plaintiff. Any such commentary or attempted questioning of witnesses would not be relevant to prove or disprove any issue of fact and would be unduly prejudicial. Fed. R. Evid. 403.

**AGREED**

*15.*     Safety Rules. Plaintiff should not be allowed to make reference to the "duty" of a physician to ensure the "safety" of a patient's treatment, or to follow "safety rules," as the use of such terminology misrepresents the standard of care to be followed by the jury in this case. *Fed.*

*R. Evid.* 401.

**GRANTED**

IT IS ORDERED:

March 23, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge